

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 2, 1961

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW-1072

Re: Computation of expense
accounts where an employee
returns to his designated
headquarters at the end of
the working day before com-
pleting his assignment and
then returns to his temporary
post the following morning.

Dear Mr. Edgar:

Your letter has been received requesting an opin-
ion of this office concerning the computation of expense
accounts where an employee travels to his temporary post
and returns to designated headquarters the next day but also
makes an unauthorized round trip to designated headquarters
at night.

In determining the intent of the Legislature with
regard to travel expense and per diem allowance for State
employees, we must look to the wording of Acts 56th Leg. 3rd
C.S. 1959, Ch. 23, p. 442, hereinafter referred to as the
Appropriation Act.

Section 32, Subsection "a" reads in part as follows:

"a. The rate of such reimbursement
shall be eight (8) cents per mile for
the employee's personally owned convey-
ance. None of the moneys appropriated
for travel expense for mileage within
the State of Texas for use of personally
owned automobiles shall be expended un-
less the shortest route between points
is used. . . ."

Section 33, Subsections "a", "c", and "d" read in
part as follows:

"a. A per diem allowance for in-State travel shall mean a flat daily rate of Nine Dollars ($9) in lieu of actual expenses incurred for meals and lodgings. The per diem allowance shall commence at the time the employee leaves his designated headquarters and cease when the employee returns to his headquarters.

". . .

"c. An employee whose duties require travel for periods which do not require him to sleep away from his designated headquarters shall receive a partial per diem allowance for meals rather than a per diem allowance. Such partial per diem allowance shall be determined by the head of the agency and shall be based upon a reasonable estimate of the actual cost of the meals involved. In computing the partial per diem allowance, the travel period shall commence at the time the employee departs from his designated headquarters. In no event will the partial per diem allowance exceed Four Dollars ($4) per day.

"d. . . .

"When it is cheaper, a traveling State employee may return to his headquarters daily or on the weekend rather than stay out at State's expense and by so doing, the expenses involved shall be considered as State business: cheaper--as it applies to daily round trips shall be determined by computing the mileage and per diem on a daily basis and the entire mileage and per diem on any one day shall not exceed the per diem allowance of Nine Dollars ($9). It is within the province of such agency head to require the employee who is away on official State's business to report back to his designated headquarters daily

> or on weekends if he deems it necessary
> to expedite the completion of the pur-
> pose for which the expenses are incurred.
> The employee will clearly show on his ex-
> pense account the hour and the date he
> returned to his headquarters and the hour
> and date he leaves his headquarters."
> (Emphasis added)

If an employee actually travels from his designated headquarters to his temporary post, completes the purpose for which the expenses were incurred the next day, and returns the next day from his temporary post to headquarters, certain legitimate travel expenses are necessarily incurred in connection with his job regardless of where he spends his evenings while on assignment. Under these circumstances, there is nothing in the appropriate statutes, quoted above, which would operate to keep an employee from receiving the expense allowances provided in Section 32, Subsection "a" and Section 33, Subsection "a" of the Appropriation Act, quoted above, for travel expense incurred in going to and from his temporary post, including the full amount allowed for expenses on a per diem basis. It is clear that an employee is fully entitled to the expenses for mileage in going to his assignment and return and there is nothing in the Appropriation Act which would preclude such an employee from receiving his full share of the nine dollar ($9.00) per diem allowance as set out in Section 33, Subsection "a". There are no limitations on the payment of these legitimate expenses so long as the shortest route is taken and so long as the employee is traveling on state business. Whether he stays at the temporary post at night, returns to headquarters for personal reasons, or goes elsewhere is irrelevant so long as he performs his required duties during working hours. His activities after hours have no bearing on the payment of the above mentioned legitimate travel expenses even though he is not entitled to mileage in making unauthorized trips to headquarters and back to his temporary post.

It is important, also, to point out that an employee may be paid, under Subsection "d", for travel expenses incurred in returning to headquarters daily to spend the night and back to the temporary post the next morning when one of the follow-ing exceptions exist. When it is "cheaper" for the employee

to return to headquarters daily from his temporary post, the employee may elect to do so and be paid for travel expenses incurred, computed in the manner set out in Section 33, Subsections "c" and "d", quoted above. An employee may also be paid for daily round trips to headquarters, under Subsection "d", when he is required to do so by his superiors. Unless one of these situations exists, the expenditure for travel to and from headquarters daily is not authorized and cannot be paid. However, the two exceptions are distinguished from and in no way affect the payment of legitimate expenses incurred in going from headquarters to the temporary post and return to headquarters on completion of work the following day, including the full per diem payments that the employee may be entitled to when away from home at night on official business, whether he actually spends the night at the temporary post or not.

Therefore, it is the opinion of this Department that under Section 32, Subsection "a" and Section 33, Subsection "a" of the Appropriation Act, an employee is entitled to expenses incurred in going to his temporary post and return, including the full per diem allowance, even though he may, on his own volition and at his own expense return to headquarters at night for personal reasons. He may also be entitled to expenses involved in returning to headquarters at night if he can do so "cheaper", and elects to do so, to be determined in the manner set out in Section 33, Subsections "c" and "d" of the Appropriation Act, or if he is required to return by his superiors.

## SUMMARY

An employee is entitled to expenses incurred in going to his temporary post and return to designated headquarters the next day, including the full per diem allowance, even though he may, for personal reasons, return to designated headquarters at night at his own expense. If the employee is required to return daily to designated headquarters by his superior or if it is "cheaper", to be determined as set out in Section 33, Subsections "c" and "d" of the Appropriation Act,

an employee may be paid for expenses
incurred in returning to designated
headquarters daily.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Iola Barron Wilcox
Iola Barron Wilcox
Assistant

IBW:afg/hmc

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Robert Lewis
Robert Rowland
John Reeves
W. Ray Scruggs

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt